# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## MARSHALL HOWARD MURDOCK v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2002-B-1153**

**No. M2010-01315-CCA-R3-PC - Filed April 5, 2011**

This matter is before the Court upon the State's motion to dismiss or in the alternative to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals.[1] Petitioner has appealed the trial court's order dismissing his motion to reopen his petition for post-conviction relief. Upon a review of the record in this case, we are persuaded that the trial court was correct in dismissing the petition and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ. joined.

Marshall Howard Murdock, Pro Se, Tiptonville, Tennessee.

Robert E. Cooper, Jr., Attorney General & Reporter, and J. Ross Dyer, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In June of 2002, Petitioner was indicted by the Davidson County Grand Jury for three counts of attempted first degree murder. Petitioner entered a best interest plea to count one and pled guilty to count three. As a result of the plea agreement, count two was dismissed.

---

[1]The State filed a motion pursuant to Rule 21(b) of the Rules of Appellate Procedure to late-file its motion for affirmance pursuant to Rule 20. For good cause shown, the motion is granted.

Petitioner was sentenced to concurrent sentences of twenty years. The sentences were ordered to be served concurrently to sentences in Rankin County, Mississippi.

Petitioner then filed a petition for writ of habeas corpus on April 21, 2008. The trial court dismissed the petition on the basis that it failed to state a cognizable claim. The trial court's order was issued on June 25, 2008. Petitioner did not appeal this dismissal.

Petitioner subsequently filed several motions in the trial court requesting "special placement" in incarceration. The trial court issued an order in February of 2009 informing Petitioner that the trial court had no authority over inmate classification.

On January 20, 2009, Petitioner filed a pro se petition seeking post-conviction relief. The petition was entitled "Petition for Relief from Conviction or Sentence and/or Motion to Re-Open Post Conviction." In the petition, Petitioner challenged his sentence pursuant to *Cunningham v. California*, 549 U.S. 270 (2007). The trial court issued an order on February 20, 2009, denying the petition for relief. The trial court noted that Petitioner had not yet filed a petition for post-conviction relief so there was no petition to "Re-Open" and that the petition itself was time-barred and failed to state a claim for which relief could be granted.

Then, in July of 2009, Petitioner filed a "Motion to Reopen Post-conviction Petition and/or Writ of Error Coram Nobis." Petitioner alleged that new scientific evidence came to light between 2000 and 2002 that Petitioner did not learn of until June of 2009. The trial court denied the petition for relief in an order on December 21, 2009. The trial court found that the petition for writ of error coram nobis was untimely and failed to establish that the evidence cited by Petitioner constituted new evidence as required by statute.

Petitioner then filed the motion at issue herein on April 20, 2010. Petitioner entitled the pleading "Motion to Re-Open Post-Conviction and/or Petition for Writ of Habeas Corpus." In the petition, he claimed that there was new scientific evidence that proved that he was "actually innocent" of the offenses. Among other allegations, Petitioner also claimed that the prosecution withheld evidence of his innocence. Petitioner attached various documents to the petition, including: (1) hospital admitting notes from 1/23/2002 for Katherine Murdock, one of the victims; (2) a letter from Children's Clinic East regarding Lauren Klassen, one of the victims; (3) a letter from Dr. Maurice Barnes regarding Petitioner's diagnosis with Crohn's disease and type II diabetes; (4) a supplemental homicide report from Metro-Nashville Police Department indicated that Petitioner did not order Thallium, the drug given to the victims; (5) a print-out from Springfield Scientific Supplies; and (6) an invoice from Springfield Scientific Supplies for Arsenic ordered by Petitioner. Petitioner included these documents in order to support his assertion that he could not have been guilty of poisoning the victims with Thallium.

The trial court denied the petition for relief because Petitioner: (1) failed to attach the judgments from which he sought relief; (2) presented claims that had been previously determined; and (3) failed to show that his sentences have expired or that the trial court lacked jurisdiction.

Petitioner filed a timely notice of appeal.

*Analysis*

On appeal, Petitioner presents the following issues for our review: (1) whether the trial court illegally sentenced Petitioner; (2) whether Petitioner was convicted by the use of "fabricated evidence, false statements, withholding exculpatory information/evidence and prosecutorial misconduct;" (3) whether Petitioner received ineffective assistance of counsel; (4) whether the trial court improperly dismissed the petition for post-conviction relief; (5) whether Petitioner's guilty plea was unknowing and involuntary; (6) whether the trial court improperly found Petitioner's sentence was legal; and (7) whether the trial court lacked jurisdiction to determine Petitioner's issues "due to the separation of powers violations."

Initially, we note that there is no appeal as of right from a lower court's denial of a motion to reopen a post-conviction petition. *See* Tenn. R. App. P. 3(b); *Timothy Roberson v. State*, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App., at Jackson, Nov. 7, 2007), *perm. app. denied*, (Tenn. Apr. 14, 2008). We also note that there is nothing akin to a petition for post-conviction relief in the technical record. While Petitioner claims that he received ineffective assistance of counsel, this claim can only be raised in a post-conviction proceeding. A trial court may treat a petition for habeas corpus relief as a petition for post-conviction relief, T.C.A. § 40-35-105, but the petition must be timely. T.C.A. § 40-30-102(a). Petitioner's claim is untimely if treated as a petition for post-conviction relief. Moreover, the trial court herein treated the petition as a petition for writ of habeas corpus rather than a petition to reopen a post-conviction petition.

With regard to habeas corpus relief, the determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* It is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that

the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. For the benefit of individuals such as Petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated § 29-21-107:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
>
> (b) The petition shall state:
>
> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
>
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

"A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements . . . ." *Summers*, 212 S.W.3d at 260; *Hickman*, 153 S.W.3d at 21. Further, in *Summers*, our supreme court explained:

> In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions. When such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing.

212 S.W.3d at 261.

The trial court herein properly dismissed the petition for habeas corpus relief. Petitioner has failed to attach a copy of the judgments. Additionally, Petitioner did not attach copies of the plea agreement or a transcript of the guilty plea hearing. Thus, Petitioner has failed to comply with the statutory procedural requirements of Tennessee Code Annotated section 29-21-107(b)(4). This alone warrants dismissal of the habeas petition. However, the trial court summarily dismissed the application based upon the procedural requirements, but also dismissed based upon the fact that the illegality of the sentence was not apparent from the judgment and the fact that Petitioner presented claims that had been previously litigated. Our supreme court has stated:

> A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements; however, dismissal is not required. The habeas corpus court may instead choose to afford the petitioner an opportunity to comply with the procedural requirements, or the habeas corpus court may choose to adjudicate the petition on its merits. *See* Tenn. Code Ann. § 29-21-109 (2000) ("If, from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused, the

-5-

reasons for such refusal being briefly endorsed upon the petition, or appended thereto.").

*Hickman*, 153 S.W.3d at 21 (footnotes omitted).

Petitioner claims on appeal that the guilty plea was involuntary and the trial court improperly sentenced him to an illegal sentence. The involuntary entry of a guilty plea would render the judgment voidable rather than void and thus subject to attack only in a post-conviction petition. *Archer*, 851 S.W.2d at 163. Further, Petitioner does not allege that his sentence has expired or that his conviction is void. Moreover, nothing on the face of the judgment indicates that the sentences are illegal.

The trial court also noted that Petitioner brought claims that were already "litigated and repeatedly addressed through Court orders." A review of the record indicates that Petitioner has presented multiple claims for relief in the form of petitions. The trial court has issued orders denying relief from these petitions, as outlined above. It does not appear that Petitioner appealed from these orders. Petitioner is not entitled to relief.

Lastly, Petitioner argues for what seems to be the first time on appeal that the trial court lacked jurisdiction to sentence him because of a violation of the Separation of Powers doctrine. Relying on *U.S. v. Thomas*, 699 F. Supp 147, 150 (W.D. Tenn. 1998), Petitioner insists that his sentence is illegal because the 2005 Criminal Sentencing Reform Act was created by the legislature with the assistance of judges. The United States Supreme Court has already determined that the inclusion of judges on the federal sentencing commission does not violate the Separation of Powers doctrine. *Mistretta v. U.S.*, 488 U.S. 361, 390-91 (1989). Neither does the assistance of judges in drafting legislation concerning sentencing at the state level.

*Conclusion*

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or

action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge . . . .

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20. We affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE